In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, as Substituted Trustee under the Will of SIDNEY S. HARRIS,

Deceased, Respondent. In the Matter of the Construction of the Will of SIDNEY S. HARRIS, Deceased. MARIE JOANNA, as Superior General of the Religieuses de l'Assumption, et al., Appellants; KATE B. HARRIS, as Executrix of SIDNEY HARRIS, Deceased, et al., Respondents.— Decree of the Surrogate's Court of Queens County construing the "Fifth" paragraph of the last will and testament of Sidney S. Harris, deceased, in conjunction with the last will and testament of his daughter, Nathalie Harris, insofar as appealed from, reversed on the law and the facts, with costs, payable out of the estate, to each party appearing and filing a brief, and the matter remitted to the Surrogate's Court of Queens County for the entry of a decree in accordance with this memorandum. Sidney S. Harris, Sr., died on December 11, 1892. His son, Sidney S. Harris, Jr., died on February 25, 1923. The widow of Sidney S. Harris, Sr., died on January 23, 1925. Nathalie Harris, the daughter of the testator, survived her mother and died on June 29, 1940. In a construction proceeding in 1926, after the death of the mother, it was determined that upon the death of the mother, one half of the principal passed absolutely to the appointee of the deceased son, Sidney S. Harris, Jr., and distribution was directed accordingly. The language of the will relating to the share of the daughter in the principal of the fund appears in language similar to that relating to the share of the son, upon the death of the mother. In our opinion the determination of the Surrogate in 1926 was proper as to the one half of the principal then involved, and a similar determination is now proper in reference to the other one half of the principal presently involved. Upon that interpretation, Nathalie Harris became the absolute owner of one half of the fund upon the death of her mother and it now passes under her will in the manner therein provided for. Where there is a plain gift in a will, as in this case, it will not be cut down or limited by another clause of doubtful meaning. (*Trask* v. *Sturges*, 170 N. Y. 482, 492.) This construction accords with what we consider to be the obvious intention of the testator. That intention is the paramount consideration. Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.